IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. GLOBAL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| v. ) | |
| ) | |
| ENERCO SP. Z O.O., ) | |
| ENERCO SP. Z O.O. SP. K., ) | |
| PIOTR PAWEL WISNIEWSKI, and ) | |
| KRYSTIAN BOGDAN STACHOWIAK, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

U.S. Global Corporation, for its complaint against defendants Enerco Sp. z o.o., Enerco Sp. z o.o. Sp. K., Piotr Pawel Wisniewski and Krystian Bogdan Stachowiak, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. U.S. Global Corporation ("USG") is an Illinois corporation with its principal place of business in Cook County, Illinois.

2. Enerco Sp. z o.o. is a Polish limited liability company with its principal place of business in Warsaw, Poland.

3. Enerco Sp. z o.o. Sp. K is a Polish limited partnership with its principal place of business in Warsaw, Poland.

4. Defendants Wisniewski and Stachowiak are each citizens and residents of Poland, and neither of them have been lawfully admitted for permanent residence in the United States.

5. Subject matter jurisdiction in this Court is premised on 28 U.S.C. § 1332(a)(2), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

1

costs, and is between a citizen of a State and a citizen of a foreign state not lawfully admitted for permanent residence in the United States.

6. Venue is proper in this judicial district in that each defendant is subject to the court's personal jurisdiction, defendants are not resident in the United States and thus may be sued in any judicial district per 28 U.S.C. § 1391(c)(3), and the contract under which plaintiff's claimed rights arise provides that it shall be governed and construed in accordance with the laws of the State of Illinois.

## FACTUAL ALLEGATIONS

7. USG is an Illinois-based firm specializing in the renewable energy sector. Among other activities, USG facilitates collaboration between American companies interested in investing in foreign markets in the alternative energy sector and companies based in those foreign markets.

8. Enerco Sp. z o.o. and Enerco Sp. z o.o. Sp. K (collectively the "Enerco entities") are Polish companies engaged in renewable energy projects in Poland.

9. Defendants Wisniewski and Stachowiak have at all times been the principals of both Enerco entities; they are the sole owners of Enerco Sp. z o.o., and they, together with Enerco Sp. z o.o., are the sole owners of Enerco Sp. z o.o. Sp. K.

10. In or about February 2005, USG determined that the Polish company EEPN Sp. z o.o. ("EEPN," whose principals and controlling majority owners were also Wisniewski and Stachowiak) and its affiliated companies might be interested in collaborating in renewable energy projects in Poland financed by an Illinois-based company known as Invenergy Wind LLC or its affiliates ("Invenergy").

11. Before introducing EEPN and Invenergy, and in order to protect USG's financial interest in any projects that might arise in which EEPN or its affiliates and Invenergy might collaborate, USG entered into a contract with EEPN entitled "Confidentiality and Non-Circumvention Agreement" (hereinafter the "EEPN-USG Agreement").

12. Paragraph 5 of the Agreement reads as follows:

EEPN acknowledges that certain investors were and will be introduced to it by USG and agrees to collaborate solely with USG with respect to development of said Projects or other transactions with the introduced investors. During the term of this agreement, and for a period of two (2) years after the termination of this agreement, it is agreed that neither EEPN nor any of the firm's associated or affiliated companies shall take any independent action, directly or indirectly, to develop the said Projects, undertake a proposal to develop such Projects, or conduct any transactions with parties and/or investors introduced by USG without USG'[s] direction and involvement.

13. Paragraph 6 of the Agreement provides: "EEPN agrees not to circumvent, avoid, bypass or obviate USG, either directly or indirectly to avoid or prevent payment of any fees or commissions that may become due regarding the introduced investors to the Project(s)."

14. Defendant Stachowiak executed the Agreement on behalf of EEPN, while expressly agreeing in writing that the restrictions noted above would apply both to EEPN *and* "any of the firm's associated or affiliated companies."

15. In 2005, USG and Invenergy entered into a Joint Development Agreement with Invenergy, pursuant to which a first wind energy project known as "Tymien" was completed, involving both Invenergy and EEPN, and with USG's substantial day-to-day involvement as the project co-manager. Tymien was a 50 MW wind project for which USG received a "success fee" (in addition to certain retainer amounts and other fees) of $1.25 million, which comes to approximately $22,500 / MW, based on 1.5% of

construction costs. This agreed-upon fee was lower than the customary fee in the industry of approximately $50,000 / MW because of the development risks associated with a new market development such as Poland.

16. USG's Joint Development Agreement with Invenergy provided for the parties to conduct additional potential projects by agreement on terms to be arrived at.

17. EEPN's affiliates, the Enerco entities, conducted additional projects with Invenergy without USG's direction or involvement. In so doing, EEPN and the Enerco entities also circumvented, avoided, bypassed and obviated USG with regard to fees and commissions.

18. On one such additional wind project, known as the "Darlowo" project, the Enerco entities' actions in engaging in the project with Invenergy without USG's direction or involvement resulted in USG being unable to negotiate or receive customary compensation from Invenergy. As a direct and proximate result of the Enerco entities engaging in the project behind USG's back and thus circumventing USG's entitlement to a customary success fee, USG was faced with a "take-it-or-leave-it" proposal from Invenergy under which it became entitled to only a $700,000 success fee for a 251.5 MW wind project, far less than the customary $5.7 million to $12.6 million USG would have received had the Enerco entities ensured USG's direction and involvement in the project.

19. On another additional project, Ustka Wind Farm, the Enerco entities created a 29.9 MW wind farm with Invenergy without any involvement of or notice to USG. Had the Enerco entities ensured USG's direction and involvement, USG would have received an additional sum of $673,000 to $1,495,000.

4

20. On information and belief, the Enerco entities have conducted other projects with Invenergy without any notice to or involvement of USG. On those projects, as a result of the Enerco entities' failure to ensure USG's direction and involvement, USG has received no compensation whatsoever.

21. Stachowiak and Wisniewski have at all times been controlling majority owners of EEPN, sole owners of Enerco Sp. z o.o., and sole owners (along with Enerco Sp. z o.o.) of Enerco Sp. z o.o. Sp. K. Both Enerco entities have at all times been operated by and for the benefit of Stachowiak and Wisniewski.

## COUNT ONE—BREACH OF CONTRACT
## (AGAINST THE ENERCO ENTITIES)

22. USG incorporates by reference its allegations in paragraphs 1 through 21.

23. The EEPN-USG Agreement is a valid and binding contract that was in effect at all relevant times.

24. USG at all times performed its obligations under the EEPN-USG Agreement.

25. EEPN's affiliates, the Enerco entities, materially breached their obligations as contained in paragraphs 6 and 7 of the EEPN-USG Agreement by conducting projects with Invenergy without any involvement of USG, and bypassing USG's entitlement to compensation. As a direct and proximate result of the breaches by the Enerco entities, USG has sustained damages well in excess of $1 million.

## COUNT TWO—TORTIOUS INTERFERENCE WITH CONTRACT
## AND BUSINESS EXPECTANCY
## (AGAINST STACHOWIAK AND WISNIEWSKI)

26. USG incorporates by reference its allegations in paragraphs 1 through 21.

27. Stachowiak and Wisniewski were at all times fully aware of the contractual obligation of EEPN and its affiliates, including the Enerco entities, not to develop or conduct projects with Invenergy or its affiliates without USG's direction and involvement.

28. Stachowiak and Wisniewski induced the Enerco entities, entities owned and controlled by them, to breach those contractual obligations.

29. Upon execution of the Agreement, and successful implementation of the Tymien project, USG had a reasonable expectancy of entering into valid business relationships as to any subsequent projects between Invenergy and any entities owned or controlled by Stachowiak and Wisniewski.

30. Stachowiak and Wisniewski were aware of that expectancy.

31. Stachowiak and Wisniewski, by directing and permitting companies owned and controlled by them to engage in further projects with Invenergy without USG's direction and involvement, intentionally and unjustifiably interfered in the realization of USG's business expectancy.

32. USG has suffered damages as a result of Stachowiak's and Wisniewski's inducements of breach and interference in business expectancy.

**COUNT THREE—UNJUST ENRICHMENT**
**(AGAINST THE ENERCO ENTITIES)**

33. USG incorporates by reference its allegations in paragraphs 1 through 21.

34. As to the Enerco entities, this count is alleged in the alternative to Count One.

35. The Enerco entities are and at all times have been owned and operated by the same persons who owned a majority share in and operated EEPN.

36. EEPN's obligations not to engage in any projects with Invenergy without USG's direction and involvement apply not only to EEPN itself, but also by the express terms of the

6

Agreement to "any of [EEPN's] associated or affiliated companies." The Enerco entities are such companies.

37. If the Enerco entities are not themselves bound to the terms of the Agreement, then the Enerco entities' acceptance of benefits arising from the projects conducted without USG's direction and involvement constitute a contract implied-in-law, and the Enerco entities' retention of those benefits violates fundamental principles of justice, equity and good conscience.

WHEREFORE, plaintiff USG prays that judgment be entered in its favor, and against defendants, in an amount to be established at trial.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: April 17, 2019

U.S. GLOBAL CORPORATION

By: /s/    Matthew D. Tanner
One of Their Attorneys

Matthew D. Tanner (ARDC # 6202508)
Darrell J. Graham (ARDC # 6190511)
ROESER TANNER & GRAHAM LLC
Two North Riverside Plaza, Ste. 1850
Chicago, IL  60606
312.300.2522